

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,242-01

### EX PARTE JEVANTE TREVION MITCHELL-SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1374104 IN THE 230TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated robbery in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his plea of "true" to the allegation in the State's motion to adjudicate was involuntary, and that his adjudication counsel rendered ineffective

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

assistance because counsel failed to properly investigate the circumstances of the alleged violation of the terms of Applicant's community supervision before advising him to plead "true."

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order adjudication counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, adjudication counsel shall state whether she investigated the allegation in the State's motion to adjudicate, and whether she requested or obtained a copy of the video which allegedly showed Applicant assaulting another resident of the treatment program in which he was participating as a condition of his community supervision. Adjudication counsel shall also state whether she investigated the circumstances leading up to the violation, and whether she was aware of Applicant's performance prior to the violation. Adjudication counsel shall state whether she advised Applicant of his options as to whether to plead "true" or have a hearing and present evidence to challenge the allegation in the motion to adjudicate. Adjudication counsel shall state what advice, if any, she gave to Applicant with respect to whether he would have the right to appeal from the adjudication. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether a video exists of the altercation which led to the motion to adjudicate Applicant guilty. If such a video does exist,

the trial court shall supplement the habeas record with a copy of the video. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's adjudication counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 5, 2014
Do not publish